946 F.2d 1331
 2 NDLR P 107
 Steve ROBBINS; Terrance O'Donnell,
Wesley Kitt, Appellant,
v.
Harold CLARKE; Frank Gunter; Marie Pawol; Terri Weeks;
Dr. Fox; Howard Ferguson; Alan Higley; Steve Vodicka;
Frank Hopkins; Dr. Shaw; Mario Peart; Fred Brittain;
Roger Pehrson; Ron Bevard; and, Matt Heckman, Appellees.
 No. 90-2431.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 12, 1991.
Decided Oct. 8, 1991.
 
 Steven D. Burns, Lincoln, Neb., argued, for appellant.
 Mark D. Starr, Lincoln, Neb., argued (Robert M. Spire, on the brief), for appellees.
 Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.
 BOWMAN, Circuit Judge.
 
 
 1
 Wesley Kitt appeals from the dismissal of his section 1983 action. Jurisdiction is based upon 28 U.S.C. § 1291 (1988). We affirm.
 
 
 2
 On May 17, 1990, Kitt, a prisoner in the Medium Security Unit (MSU) of the Nebraska State Penitentiary (NSP), along with two other prisoners, filed a hand-written pro se complaint under 42 U.S.C. § 1983 (1988) in the District Court of Nebraska.[1] The amended complaint charges that Warden Clarke and the various other NSP personnel named as defendants have subjected Kitt to cruel and unusual punishment and denied his rights to due process and equal protection[2] of the law by (1) conspiring to conceal the identity of prisoners testing positive for HIV, (2) failing to take precautions to protect healthy prisoners from exposure to the AIDS virus, such as segregating all HIV-positive prisoners, and (3) failing to take precautions to protect uninfected prisoners from exposure to contagious hepatitis and tuberculosis. Although Kitt alleges that he comes into contact with infected prisoners through his work as a prison barber, he neither claims that he is denied any safeguards that barbers regularly employ, nor does he claim that his exposure to infectious and contagious disease is more substantial than the exposure of barbers (or anyone else) to infectious and contagious diseases outside the prison setting.
 
 
 3
 The District Court forwarded the complaint to a magistrate judge[3] for initial screening. The magistrate found that, of the three plaintiffs, only Kitt had a claim properly before the court. See Kitt v. Clarke at 1 n. 1, CV90-L-205 (Magis.Ct. June 20, 1990) (Magistrate's Report and Recommendation) (hereinafter Magistrate's Report and Recommendation). He also concluded that Kitt's claim lacked an arguable basis in law and therefore recommended that it be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) (1988). See Magistrate's Report and Recommendation at 5. Kitt filed a timely objection.
 
 
 4
 Adopting the magistrate judge's recommendation, the District Court rejected Kitt's claims. It concluded that the failure to segregate HIV-positive prisoners from the general population does not constitute cruel and unusual punishment of the uninfected prisoners. It also held that the object of the alleged conspiracy--to conceal the identity of the HIV-positive prisoners--is not illegal, and that Kitt's conspiracy claim therefore was invalid as a matter of law. Neither the magistrate nor the District Court addressed Kitt's third claim, that the defendants have violated his rights by failing to make an effort to protect the prisoners from exposure to contagious hepatitis and tuberculosis. For the reasons that follow we affirm the dismissal of the complaint.
 
 I.
 
 5
 A complaint is frivolous under section 1915(d), and dismissal is therefore proper, "where [the complaint] lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Here, Kitt has made no direct challenge to the conclusions of the District Court that his conspiracy claim is invalid as a matter of law. In any event, we agree with the District Court that Kitt cannot establish even an arguable claim of conspiracy unless the alleged object of the conspiracy is illegal. See, e.g., Mizokami Bros. of Ariz. v. Mobay Chem. Corp., 660 F.2d 712, 718 n. 8 (8th Cir.1981). We also agree that prison officials who decline to reveal to the general population the identities of HIV-positive prisoners do not by so declining commit an illegal act. Cf. Doe v. Coughlin, 697 F.Supp. 1234, 1240-43 (N.D.N.Y.1988) (finding that mandatory segregation of HIV-positive prisoners revealed their medical condition and thereby violated their privacy rights). We thus are satisfied that the conspiracy claim was dismissed properly.
 
 II.
 
 6
 Kitt's claim that the defendants have violated his rights by failing to protect him from exposure to the AIDS virus fares no better. Initially, Kitt points out that his claim is not that the defendants have failed to segregate the HIV-infected prisoners, but rather is that the defendants have done nothing at all to protect him from involuntary exposure to the AIDS virus. His position is that even if the Constitution does not require prison officials to segregate HIV-positive prisoners from the general prison population, it does require them to take reasonable measures to protect the general prison population from exposure to the virus. He therefore argues that it was improper to dismiss his claim so early in the proceedings.[4] Although we are inclined to agree with Kitt that this claim does not lack an arguable basis in law, we conclude that Kitt is collaterally estopped from asserting this claim.[5]
 
 
 7
 On April 5, 1989, over a year before the initiation of the case at bar, Kitt filed another lawsuit (the 1989 action) in District Court[6] against two of the present defendants, Clarke and Ferguson,[7] alleging that the totality of conditions existing at the MSU at that time resulted in violations of his rights under the Eighth Amendment.[8] A trial was held in which Kitt outlined numerous specific problems with the prison facilities, the majority of which dealt with the prison's ventilation and sanitation systems. However, his litany of problems included allegations that several HIV-positive prisoners were in the general prison population and that some of them were in the MSU. See Kitt v. Ferguson, 750 F.Supp. 1014, 1018 (D.Neb.1990). After carefully considering all the conditions outlined by Kitt, including the presence of HIV-positive prisoners in the general prison population, the court concluded that the conditions in the MSU did not violate the Eighth Amendment. See id. at 1019. In view of that prior ruling, the question arises whether Kitt is barred from raising now the claim that his custodians are protecting him inadequately from the risk of harm created by the presence of HIV-positive prisoners in the general population at the MSU. We hold that he is.
 
 
 8
 Under both federal and Nebraska law, litigation on a specific issue is barred if the identical issue was "decided in a prior action, there was a [final] judgment on the merits ..., the party [to be barred] is [sic] a party or is in privity with a party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior litigation." State v. Gerdes, 446 N.W.2d 224, 227 (Neb.1989) (quoting State ex rel. Douglas v. Morrow, 343 N.W.2d 903, 905 (Neb.1984)); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). These conditions are met here. There is no dispute that the 1989 action resulted in a final judgment on the merits, that Kitt was a party to that action, and that in that action he had a full and fair opportunity to litigate the issue of whether the presence of HIV-positive prisoners in the general prison population infringed upon his Eighth Amendment rights. Our only concern, therefore, is whether the issue Kitt is raising here is the same issue decided in the 1989 action. We conclude that it is.
 
 
 9
 Here, Kitt is claiming that his involuntary and unprotected exposure to HIV-positive prisoners is violative of his Eighth Amendment right against cruel and unusual punishment. In the 1989 action, he claimed that a number of problems with the prison, including those associated with keeping HIV-positive prisoners in the general population, combined to violate his rights under the Eighth Amendment. There the District Court found that his rights were not violated, and thus it necessarily found that the risks associated with having HIV-positive prisoners in the general population did not violate Kitt's Eighth Amendment rights. Although Kitt now gives a slightly different verbal twist to this claim, it is simply the same claim repackaged, and he does not allege the existence of any conditions different from those existing at the time of the 1989 litigation. Consequently, we conclude that Kitt is barred from relitigating the issue of whether the presence of HIV-positive prisoners in the general population constitutes a violation of his Eighth Amendment rights.[9]
 
 III.
 
 10
 Kitt's claim regarding exposure to hepatitis and tuberculosis falls on the same ground. Like AIDS, tuberculosis and hepatitis are merely two specific types of infectious and contagious diseases, and thus the District Court's finding in the 1989 action that "[c]laims that MSU inmates suffered higher levels of infectious and contagious diseases is not supported by the evidence," Kitt v. Ferguson, 750 F.Supp. at 1021, necessarily includes hepatitis and tuberculosis. Furthermore, aside from specifically mentioning hepatitis and tuberculosis, Kitt's present complaint does not include any relevant allegations that distinguish the hepatitis and tuberculosis claims here from the claims he raised in his 1989 action. Thus, here too, he is bound by the findings in the 1989 action. See, e.g., Parklane Hosiery, 439 U.S. at 326 n. 5, 99 S.Ct. at 649; Gerdes, 446 N.W.2d at 227 (quoting State ex rel. Douglas v. Morrow, 343 N.W.2d at 905). As a consequence, Kitt's claim that he has been exposed to a "heightened pervasive risk," Appellant's Brief at 10, of contracting hepatitis or tuberculosis is no more open to relitigation than the identical claim made with respect to AIDS.[10] We therefore conclude that Kitt is collaterally estopped with respect to his hepatitis and tuberculosis claim.[11]
 
 IV.
 
 11
 For the reasons stated above, the order of the District Court dismissing Kitt's complaint is AFFIRMED.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 On appeal, Kitt raises his due process and equal protection arguments as though they are wholly independent of his arguments under the Eighth Amendment. However, all of Kitt's constitutional claims stem from the same allegedly wrongful acts and omissions by the defendants. Because we conclude that the acts and omissions of the defendants have not subjected Kitt to cruel and unusual punishment, see discussion infra part II., we also conclude that, as a matter of law, these acts and omissions have not deprived Kitt of due process or equal protection of the law. Cf. Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986) (holding that the Due Process Clause affords prisoners "no greater protection than does the Cruel and Unusual Punishments Clause[ ]" where the inmate's claim is that a prison official used excessive force)
 
 
 [3]
 The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska
 
 
 [4]
 The Magistrate's Report and Recommendation addressed only whether the Constitution requires mandatory segregation of prisoners testing HIV-positive
 
 
 [5]
 Though collateral estoppel was not raised before the Magistrate or the District Court, "[w]e may affirm a judgment on any ground supported by the record even if not relied upon by the district court...." Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990)
 
 
 [6]
 The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation in the District of Nebraska
 
 
 [7]
 Initially, Frank Gunter, Mario Peart, and Allen Higley also were named as defendants, but the claims against these defendants were dismissed
 
 
 [8]
 Terrance O'Donnell and Steve Robbins were also plaintiffs in that action, but to simplify our discussion, we will refer to the proceeding as though Kitt was the sole plaintiff
 
 
 [9]
 We also note that the dismissal of Kitt's claims that the defendants have violated his rights by failing to protect him from exposure to the AIDS virus was proper with respect to Clarke and Ferguson under the doctrine of res judicata. Clarke and Ferguson were defendants in Kitt's 1989 action, see supra notes 7 & 8 and accompanying text, and under both federal and Nebraska law:
 when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.
 Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (quoting Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876)); accord Kerndt v. Ronan, 458 N.W.2d 466, 469 (Neb.1990).
 
 
 [10]
 See supra part II
 
 
 [11]
 As to defendants Clarke and Ferguson, Kitt's claim also is barred as res judicata. See supra note 9