Andrew N. MARCUSSEN, Plaintiff,

v.

Terry BRANDSTAT, et al., Defendants.

No. C 92–3064.

United States District Court,
N.D.Iowa, C.D.

Nov. 1, 1993.

Jeffrey M. Lipman, Des Moines, IA, for plaintiff.

William A. Hill, Asst. Atty. Gen., Des Moines, IA, for defendant.

## ORDER

JARVEY, United States Magistrate Judge.

This matter comes before the court pursuant to defendants' October 6, 1993, motion for summary judgment (docket number 26). Plaintiff resisted the motion on October 15, 1993. The motion is granted.

## A. *UNDISPUTED FACTS*

Plaintiff Andrew N. Marcussen (Marcussen), a former inmate at the North Central Correctional Facility (NCCF) at Rockwell City, Iowa, filed the complaint in this action pursuant to 42 U.S.C. § 1983 on August 11, 1992. Defendants are the warden of NCCF, as well as a lieutenant and a nurse employed at the institution. Marcussen alleges that while incarcerated, his constitutional rights were violated when prison officials, with deliberate indifference to Marcussen's life and health, assigned an HIV-positive inmate to Marcussen's cell and allowed that inmate to use Marcussen's toiletries, thus exposing Marcussen to possible infection with the HIV virus. Marcussen also alleges that prison officials refused to test him for the HIV virus with deliberate indifference to a serious medical need, causing Marcussen mental stress.

Marcussen alleges that he was subjected to the risk of HIV infection when his allegedly HIV-positive roommate used Marcussen's toiletries, including his razor, cigarette roller, and drinking cup. HIV-positive inmates at the NCCF can be housed with other inmates under most circumstances. The defendants will neither confirm nor deny that Marcussen shared a cell with an HIV-positive inmate. NCCF rules prohibit inmates from engaging in sexual activities with other inmates and state that inmates are responsible for their own personal property. Marcussen tested negative for HIV prior to the period during which he shared a cell with the allegedly HIV-positive inmate. Marcussen was tested again for HIV on August 12, 1993. That test was also negative.

On September 13, 1993, the Honorable Donald E. O'Brien, Senior Judge, denied defendants' September 28, 1992, motion to dismiss for failure to state a claim on which relief can be granted. The court concluded that "[t]here may be some set of facts that Plaintiff could prove surrounding the use of his drinking cup, his cigarette roller, and his razor by an allegedly H.I.V. infected inmate that shows a pervasive risk of harm to Plaintiff." By order of the court dated September 27, 1993, upon consent of the parties, this case was transferred to the undersigned Chief United States Magistrate Judge for final disposition pursuant to 28 U.S.C. § 636(c).

## B. *CONCLUSIONS OF LAW*

### 1. *Standards For Summary Judgment*

■ A motion to dismiss requires the court to review only the pleadings to determine whether the pleadings state a claim upon which relief can be granted. *Fed. R.Civ.P.* 12(b). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ By contrast, on a motion for summary judgment, the court considers the entire record. Federal Rule of Civil Procedure 56 governing summary judgment states, in pertinent part:

Rule 56. Summary Judgment

(b) For Defending Party. A party against whom a claim ... is asserted ... may, at any time, move for summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon.... *The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*

Fed.R.Civ.P. 56(b) & (c) (emphasis added); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir.1991); *Moore v. Webster*, 932 F.2d 1229, 1231–32 (8th Cir.1991). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

### 2. *Genuine Issues Of Material Fact*

Marcussen attempts to raise two genuine issues of material fact to preclude summary judgment. First, Marcussen argues, "inmates who carry the HIV virus should not be housed with non-infected inmates, due to the obvious pervasive risk of serious harm and even death." Plaintiff's Statement of Material Facts, ¶ 4. The court finds that this is not a factual dispute, but a legal one disposed of by controlling precedent discussed below.

Second, Marcussen argues that "Plaintiff cannot control HIV positive inmates' actions and is therefore, exposed to serious risks of contracting the virus from sharing hygienic and other utensils." Plaintiff's Statement of Material Facts, ¶ 5. The court concludes that this is not a dispute over facts that might affect the outcome of the suit under the governing law discussed below. The court concludes that there is no genuine issue of material fact, and therefore turns to the appropriateness of summary judgment as a matter of law.

### 3. *Judgment As A Matter Of Law*

#### a. *Prisons And Control Of AIDS*

■ In order to prevail in this § 1983 action, Marcussen would have to show that there is "a pervasive risk of harm to inmates" of contracting the AIDS virus and that there is "a failure of prison officials to reasonably respond to that risk" amounting to deliberate indifference to a pervasive risk of harm. *Glick v. Henderson*, 855 F.2d 536, 539–40 (8th Cir.1988); *Martin v. White*, 742 F.2d 469, 474 (8th Cir.1984). The court concludes that Marcussen cannot make that showing as a matter of law.

■ In *Glick*, the inmate alleged that he was subjected to a pervasive risk of AIDS because (1) he came into contact with the sweat of other inmates during work detail, (2) he was subject to bites from mosquitoes which had bitten other inmates, (3) he had been sneezed on by a known homosexual, (4) prison officials untested for AIDS prepared his food, and (5) the prison officials regularly transferred prisoners from cell to cell throughout the prison. *Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir.1988). The inmate sought, in part, the segregation of all inmates with the AIDS virus from all other inmates and report of all detected cases of AIDS or the AIDS virus to other inmates. *Id.* at 538. The Eighth Circuit Court of Appeals concluded that

> [t]he possibility of the transference of AIDS through these means is simply too remote to provide the proper basis for appellant's complaint as it is currently framed. *See generally, United States v. Moore*, 846 F.2d 1163, 1168 (8th Cir.1988) (holding possibility of AIDS transmission by means of a human bite "too remote" in a legal context "to support a finding that the mouth and teeth may be considered a deadly and dangerous weapon in this respect", although that case held that the "mouth and teeth were used as a deadly and dangerous weapon" in the factual situation therein involved).

*Id.* 855 F.2d at 539. The court based its decision in part on a United States government report that stated, *inter alia*, "[y]ou won't get the AIDS virus through everyday contact," "from a mosquito bite," "from saliva, sweat, tears, urine or a bowel movement," "a kiss," "clothes, a telephone or from a toilet seat," or "by using a glass or eating utensil that someone else has used." *Id.* at 539 n. 1 (citing *U.S. Dep't of Health and Human Services, Pub. No. (CDC) HHS–88–8404, Understanding AIDS*, p. 2). Defendants are entitled to summary judgment as a matter of law on Marcussen's allegations that he was exposed to a risk of contracting AIDS from

use of his drinking cup and cigarette roller by an allegedly HIV-positive inmate, because these are claims based on everyday contact rejected by the court in *Glick*. The possibility of the transference of AIDS through these means is simply too remote to provide the proper basis for appellant's complaint. *Id.*

■ Defendants are also entitled to summary judgment as a matter of law on Marcussen's claim that simply housing him with an allegedly HIV-positive inmate violated his constitutional rights. Marcussen argues, "inmates who carry the HIV virus should not be housed with non-infected inmates, due to the obvious pervasive risk of serious harm and even death." Plaintiff's Statement of Material Facts, ¶ 4. In *Robbins v. Clarke*, 946 F.2d 1331 (8th Cir.1991), the Eighth Circuit Court of Appeals held that failure to segregate HIV-positive prisoners from the general population does not constitute cruel and unusual punishment of the uninfected prisoners. *Robbins v. Clarke*, 946 F.2d 1331, 1333 (8th Cir.1991). The court also held that prison officials who decline to reveal to the general population the identities of HIV-positive prisoners do not thereby commit an illegal act. *Id.*

■ Marcussen's claim that prison officials exposed him to a pervasive risk of harm by allowing other inmates to use sharp objects, such as a razor, that could cause blood-to-blood transmission of the HIV virus is ap-

pealing, but defendants are also entitled to summary judgment on this claim as a matter of law. Neither the district court nor the Eighth Circuit Court of Appeals reached this issue in *Robbins, supra,* finding that the inmate was collaterally estopped from bringing a similar claim of failure to protect the inmate from exposure to AIDS by an adverse decision in state court. *Id.* at 1333–34. However, other courts have rejected similar claims. In *Johnson v. United States*, 816 F.Supp. 1519 (N.D.Ala.1993), the plaintiff inmate claimed that his former cellmate tampered with his toothbrush, toothpaste, and razor blade; in addition, on several occasions, he observed his cellmate's blood on their sink, toilet and towels. *Johnson v. United States*, 816 F.Supp. 1519, 1521 (N.D.Ala. 1993). The court, citing *Glick, supra*, 855 F.2d at 539, concluded that "[a]ll of the examples that the plaintiff lists as means by which he feared he may have contracted AIDS are based on 'unsubstantiated fears and ignorance.'" *Id.* 816 F.Supp. at 1524.[1] In this case, and each of the other cases cited in the margin, the courts concluded that prison regulations prohibiting behavior by inmates that could result in exposure to the AIDS or HIV viruses were adequate measures to protect the inmates. *See, e.g., Portree v. Tollison,* 753 F.Supp. 184, 185 (D.S.C. 1990).[2] Similar rules are in place at the NCCF regarding AIDS transmission and inmates' responsibility for their own personal property. Affidavit of John Ault, ¶ 7. De-

**1.** The district court also cited the following cases in support of its conclusions: *Deutsch v. Federal Bureau of Prisons,* 737 F.Supp. 261 (S.D.N.Y. 1990) (plaintiff "has not presented … any facts or allegations from which it might be inferred that the decision to house the cellmate with [plaintiff] without informing him of the HIV test results evidenced a deliberate indifference to his medical needs"); *Feigley v. Fulcomer,* 720 F.Supp. 475 (M.D.Pa.1989) (prison officials did not violate Eighth Amendment by failing to segregate carriers of the AIDS virus); *Davis v. Stanley,* 740 F.Supp. 815 (N.D.Ala.1987) (court rejected Eighth Amendment claim of cruel and unusual punishment against sheriff who placed prisoner in cell with HIV-infected cellmate, finding that there was no deliberate indifference to the well-being of the prisoner); *Cameron v. Metcuz,* 705 F.Supp. 454, 458–60 (N.D.Ind.1989) (the failure to segregate an inmate with AIDS

who had a known violent character was not an Eighth Amendment violation because the prison officials did not intentionally or recklessly expose the prisoner to a known risk of violence from another inmate).

To these cases may be added *Portree v. Tollison,* 753 F.Supp. 184 (D.S.C.1990) (plaintiff inmates' claims that their civil rights were being denied by prison policy that did not adequately protect them from the risk of the AIDS virus because allegedly AIDs-infected inmates worked in the kitchen and used the same utensils rejected as insufficient to amount to Eighth Amendment violation).

**2.** The court finds this reasoning somewhat disingenuous, because the court believes it is naive to assume that prisoners will adhere to institution rules in all situations. However, the standard is whether the prison officials failed "to reasonably

fendants are therefore entitled to summary judgment on Marcussen's claim of exposure to a pervasive risk of harm from allowing other inmates to use sharp objects, such as a razor, that could cause blood-to-blood transmission of the HIV virus.

### b. Qualified Immunity

 Even if defendants were not entitled to summary judgment as a matter of law on all of Marcussen's claims, they are entitled to summary judgment as a matter of law on the basis of qualified immunity. The standard for qualified immunity is that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Givens v. Jones,* 900 F.2d 1229, 1231–32 (8th Cir.1990) (quoting *Harlow* ). The test for qualified immunity at the summary judgment stage of a proceeding is an objective one: "to be clearly established, [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Johnson–El v. Schoemehl,* 878 F.2d 1043, 1048 (8th Cir. 1989). The plaintiff must demonstrate that the law is clearly established and the defendant then bears the burden of showing that his conduct either does not violate plaintiff's rights or that there were extraordinary circumstances and that the defendant neither knew nor should have known of the relevant legal standard. *Id.* The record and cases cited above demonstrate that defendants' behavior was in line with standards stated in existing precedent, and therefore could not have violated the clear contours of any of Marcussen's rights. Defendants are entitled to qualified immunity in this case.

Upon the foregoing,

respond to [the] risk" of AIDS infection. *Glick v. Henderson,* 855 F.2d 536, 539–40 (8th Cir.1988); *Martin v. White,* 742 F.2d 469, 474 (8th Cir. 1984). Courts in the cases cited above have

IT IS ORDERED

That defendants' October 6, 1993, motion for summary judgment (docket number 26) is granted. The Clerk of Court is directed to enter judgment in favor of all defendants and against plaintiff in this action. This action is dismissed.

found that rules governing behavior of inmates are a reasonable response to the risk presented by the AIDS virus in the context of the realities of prison life.