56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Craig M. RYAN, Appellant,
v.
James BANKS, Classification Officer, Cummins Unit, Arkansas
Department of Correction; George Brewer, Classification
Officer, Cummins Unit, Arkansas Department of Correction;
A.J. Hall, Classification Officer, Cummins Unit, Arkansas
Department of Correction; Gaylon Lay, Classification
Officer, Cummins Unit, Arkansas Department of Correction;
Freddie Walls, Classification Officer, Cummins Unit,
Arkansas Department of Appeal from the United States
Correction; David Hoffman, District Court for the
Classification Officer, Cummins Eastern District of
Arkansas. Unit, Arkansas Department of Correction; A.D.
Bradberry, Assistant Warden, Cummins Unit, Arkansas
Department of Correction; Jeff Reinhart, originally sued as
Dr. Reinhart, Cummins Unit, Arkansas Department of
Correction; Larry Norris, Arkansas Department of
Correction; Gwyn Atnip, originally sued as Dr. Atnip,
P.H.P. Health Services; Major Harry Rhodes, Tucker Field
Major, Arkansas Department of Correction; Marvin Evans,
Ex-Warden of Tucker Unit, Arkansas Department of Correction;
Bruce Collins, Warden, Tucker Unit, Arkansas Department of
Correction; Richard Jenkins, Arkansas Department of
Correction, Appellees.
 No. 94-3929
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 30, 1995
Filed: June 5, 1995
 
 Before WOLLMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Craig M. Ryan appeals the district court's[1] orders granting summary judgment to defendants in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Ryan, an Arkansas inmate, was placed in administrative segregation after Cummins Unit Warden Willis Sargent received a letter from a confidential informant inmate detailing Ryan's escape plans. In a section 1983 action against Sargent, Ryan alleged Sargent did not verify the informant's reliability, in violation of Ryan's due process rights. The district court granted summary judgment for Sargent. The district court also denied Ryan's motion to amend his complaint to add as defendants members of the classification committee who conducted Ryan's disciplinary hearing, permanently assigned him to administrative segregation, and entered disciplinary orders based on his refusal to work following his initial assignment to administrative segregation. This court affirmed. Ryan v. Sargent, 969 F.2d 638, 639-42 (8th Cir. 1992), cert. denied, 113 S. Ct. 1000 (1993) (Ryan I ).
 
 
 3
 Ryan then filed this action, naming the classification committee members whom he had sought to include in his previous amended complaint as defendants, and repeating the due process allegations raised in Ryan I. He also named three past and present wardens of the maximum security unit, alleging they violated his rights by continually assigning him to solitary confinement, and two prison doctors, alleging they denied him proper medical care in violation of the Eighth Amendment. The district court granted summary judgment for the classification committee members, on the ground of res judicata; for the wardens, because Ryan sought to hold them liable under a theory of respondeat superior; and for the doctors, because Ryan alleged only a disagreement with the care they rendered.
 
 
 4
 We review de novo the district court's grant of summary judgment, applying the same standards as the district court. Dillaha v. Yamaha Motor Corp., U.S.A., 23 F.3d 1376, 1377 (8th Cir. 1994). Summary judgment is appropriate if the record demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We may affirm on any basis supported by the record. United States v. Abadia, 949 F.3d 956, 958 n.12 (8th Cir. 1991), cert. denied, 503 U.S. 949 (1992).
 
 
 5
 We first conclude Ryan is collaterally estopped from asserting his claim against the classification committee members, because he seeks to litigate the same issue which was rejected in Ryan I. See Robbins v. Clarke, 946 F.2d 1331, 1334 (8th Cir. 1991) (collateral estoppel elements); cf. Micklus v. Greer, 705 F.2d 314, 317 (8th Cir. 1983) (plaintiff may not sue succession of state employees on same claim on ground that each employee is not identical to previously sued employees). Second, we conclude the district court properly granted summary judgment for the wardens. Ryan admitted that his repeated refusals to perform his work duties led to his solitary confinement assignments. Furthermore, Ryan did not show that the wardens were personally involved in his placements in solitary confinement. Respondeat superior cannot form the basis for liability in a section 1983 action. See Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam). Finally, we also conclude the district court properly granted summary judgment for the doctors. Ryan received medical attention and advice, and was prescribed medication. His allegation that the doctors' responses were insufficient, without more, simply constitutes disagreement with the medical care he received, and thus Ryan failed to state an Eighth Amendment claim. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas