UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LORENZO BOWMAN,
        *Plaintiff-Appellant,*

    and

SHONN LEE MARTHERS; STANLEY
BRADLEY; ROME MICHELLE GREEN;
NATHANIEL GIPSON; DAVID C.
HUNTER; VINSON LATHERIO SMITH;
ELBERT GURLEY; BERNARD DIXON;
CORNELIUS BOLTON; COREY L.
REDDICK; MICHAEL R. ALLEN; ARCHIE
JOSEPH FRASIER; ARTHUR MCQUILLA;
RONALD MIDDLETON; GEORGE R.
SMITH, suing as John Doe; CASEY
MOODY; MARKEY P. LINEN; SAM
BARTLEY; JACKIE THOMPSON;
MICHAEL ROBINSON; MARCUS MOSS;
CRAIG JACKSON; MICHAEL GRICE;
MAURICE JANT; GEORGE A. JONES;
CHRISTOPHER NAPOLEON PENLAND;
STEVEN BURT; TIMMY HUDSON; KEVIN
D. JAMES; RICKY BRANNON; KENNETH
BENSON; ANTHONY BOYD; GROVER
STEPHENS,
        *Plaintiffs,*

    v.

DAVID M. BEASLEY, Governor of
South Carolina; STATE OF SOUTH
CAROLINA, c/o Charles M. Condon,
SC Attorney General; MICHAEL W.
MOORE, Director of the SC

No. 00-7505

Department of Corrections; JIM
HODGES; WILLIAM D. CATOE,
Director of SCDC; CHARLES J.
CEPAK, Warden of BRCI; GLENN
ALEWINE, SCDC Medical Chief of
Staff; RAYMOND REED; BILL WHITE,
Associate Warden at BRCI; JOHN
MAXEY, Major; SHEILA MAZYCK,
Major; LINDA MCNUTT, Sergeant;
TONYA JOHNSON; BEVERLY B. SMITH;
PHILLIP NELSON; S. DILLENGER;
WILLIAM E. JENNINGS; GWENDOLYN
GATHERS; BENJAMIN MONTGOMERY;
ROBERT C. JONES; PATRICK SINKLER;
ROBERT EVANS; DOCK COPELAND;
JOHN MCCANT; WILLIE SIMMONS;
DAVID J. LOWMAN; RAYMOND
MCKENZIE; RICKY WADE; WILLIE
BING; MARCHENIA P. DAVIS; JOHN
RIVERA; JEFF CAVANAUGH; ROBERT
WINTER; TOWNSEND; SUSAN CAREY;
ROBERT SEEGER; KATHY RICE; WILLIE
H. BEST; RUSTY KELLEY; ROBERT
ASHEAD; DAVID RODERICK; KELVIN
HAYNES; CLYDE HARRIS; ANTHONY
PAYNE; F. THOMAS; B. HAMMOND;
RANDY PRAYLOW; J. R. WILSON;
DAVID ROBINSON; CURTIS LANSON;
LEVON SMITH; PHILLIP S. SADLER;
DEBRA BUGENSKE; GEORGE MYERS;
MICHAEL DOCKERY; NORMAN BRICE;
D. BECKWITH; EDWIN HAMBRICK;
PINKNEY; OFFICER HUDSON; BLANKS;
G. WASHINGTON; MICHAEL STEPHAN;
JOHNNY RAY, Corporal; TIMOTHY
SMALL,

                    *Defendants-Appellees,*

KEVIN D. JONES; ANDREW HOOKER; WILLIAM JAMES LONG; EDMOND PALMER; ERNEST WILLIAMS, JR.; MICHAEL L. HIGGINS; ANTHONY BERNARD BURNSIDE; DAVID L. ALEXANDER; DAVID C. HUNTER; LARRY DIBBLE; MICHAEL L. SIMPSON; JERRY L. REED; ROBERT B. JOHNSON; CHARLES THOMAS; MONNELL WIDEMAN; LARRY SWINDLER; RICHARD SOLOMON; JIMMY HUDSON; CLARENCE MOORE; JAMES A. HAY, JR.; TOMERRIO WILLIAMS; MAURICE JANT; ARCHIE L. JACKSON; CARL D. RAGIN; MICKEY LANGFORD; CHARLES ANDERSON; LOMOUS RICHARDSON; SHON WILLIAMS; GREGORY FELDER; ERIC C. JOHNSON; MICHAEL HEATH; CHARLES ALLISON; JESSE DOUGHTY; CHARLES H. MATHIS; GEORGE A. JONES; JOHN DOE, a/k/a Walter Whaley; ANDREW ABERCROMBIE; MARCUS MOSS; JOHN DOE 3, a/k/a Alvin Cantrell; ESAU AIKEN; JOHN DOE 2, a/k/a Rodney E. Henderson; JOHN DOE 4, a/k/a Eddie Moore; THOMAS G. POTTS; LESTER HOWARD; WILBERT JONES; CHRISTOPHER J. LEWIS; WILLIE J. BROWN; CRAIG JACKSON; GEORGE RAWLS; ANTHONY BOYD; MOSE PETERSON; CLARY DILLARD; LLOYD WEEKS; HAROLD BROOM; JOHN CALVIN JACKSON; JOHN DOES,

*Movants.*

Kevin D. Jones,

*Plaintiff-Appellant,*

and

Lorenzo Bowman; Shonn Lee Marthers; Stanley Bradley; Rome Michelle Green; Nathaniel Gipson; David C. Hunter; Vinson Latherio Smith; Elbert Gurley; Bernard Dixon; Cornelius Bolton; Corey L. Reddick; Michael R. Allen; Archie Joseph Frasier; Arthur McQuilla; Ronald Middleton; George R. Smith, suing as John Doe; Casey Moody; Markey P. Linen; Sam Bartley; Jackie Thompson; Michael Robinson; Marcus Moss; Craig Jackson; Michael Grice; Maurice Jant; George A. Jones; Christopher Napoleon Penland; Steven Burt; Timmy Hudson; Kevin D. James; Ricky Brannon; Kenneth Benson; Anthony Boyd; Grover Stephens,

*Plaintiffs,*

v.

David M. Beasley, Governor of South Carolina; State of South Carolina, c/o Charles M. Condon, SC Attorney General; Michael W. Moore, Director of the SC Department of Corrections; Jim Hodges; William D. Catoe,

No. 00-7506

Director of SCDC; CHARLES J. CEPAK, Warden of BRCI; GLENN ALEWINE, SCDC Medical Chief of Staff; RAYMOND REED; BILL WHITE, Associate Warden at BRCI; JOHN MAXEY, Major; SHEILA MAZYCK, Major; LINDA MCNUTT, Sergeant; TONYA JOHNSON; BEVERLY B. SMITH; PHILLIP NELSON; S. DILLENGER; WILLIAM E. JENNINGS; GWENDOLYN GATHERS; BENJAMIN MONTGOMERY; ROBERT C. JONES; PATRICK SINKLER; ROBERT EVANS; DOCK COPELAND; JOHN MCCANT; WILLIE SIMMONS; DAVID J. LOWMAN; RAYMOND MCKENZIE; RICKY WADE; WILLIE BING; MARCHENIA P. DAVIS; JOHN RIVERA; JEFF CAVANAUGH; ROBERT WINTER; TOWNSEND; SUSAN CAREY; ROBERT SEEGER; KATHY RICE; WILLIE H. BEST; RUSTY KELLEY; ROBERT ASHEAD; DAVID RODERICK; KELVIN HAYNES; CLYDE HARRIS; ANTHONY PAYNE; F. THOMAS; B. HAMMOND; RANDY PRAYLOW; J. R. WILSON; DAVID ROBINSON; CURTIS LANSON; LEVON SMITH; PHILLIP S. SADLER; DEBRA BUGENSKE; GEORGE MYERS; MICHAEL DOCKERY; NORMAN BRICE; D. BECKWITH; EDWIN HAMBRICK; PINKNEY; OFFICER HUDSON; BLANKS; G. WASHINGTON; MICHAEL STEPHAN; JOHNNY RAY, Corporal; TIMOTHY SMALL,

*Defendants-Appellees,*

ANDREW HOOKER; WILLIAM JAMES LONG; EDMOND PALMER; ERNEST WILLIAMS, JR.; MICHAEL L. HIGGINS; ANTHONY BERNARD BURNSIDE; DAVID L. ALEXANDER; DAVID C. HUNTER; LARRY DIBBLE; MICHAEL L. SIMPSON; JERRY L. REED; ROBERT B. JOHNSON; CHARLES THOMAS; MONNELL WIDEMAN; LARRY SWINDLER; RICHARD SOLOMON; JIMMY HUDSON; CLARENCE MOORE; JAMES A. HAY, JR.; TOMERRIO WILLIAMS; MAURICE JANT; ARCHIE L. JACKSON; CARL D. RAGIN; MICKEY LANGFORD; CHARLES ANDERSON; LOMOUS RICHARDSON; SHON WILLIAMS; GREGORY FELDER; ERIC C. JOHNSON; MICHAEL HEATH; CHARLES ALLISON; JESSE DOUGHTY; CHARLES H. MATHIS; GEORGE A. JONES; JOHN DOE, a/k/a Walter Whaley; ANDREW ABERCROMBIE; MARCUS MOSS; JOHN DOE 3, a/k/a Alvin Cantrell; ESAU AIKEN; JOHN DOE 2, a/k/a Rodney E. Henderson; JOHN DOE 4, a/k/a Eddie Moore; THOMAS G. POTTS; LESTER HOWARD; WILBERT JONES; CHRISTOPHER J. LEWIS; WILLIE J. BROWN; CRAIG JACKSON; GEORGE RAWLS; ANTHONY BOYD; MOSE PETERSON; CLARY DILLARD; LLOYD WEEKS; HAROLD BROOM; JOHN CALVIN JACKSON; JOHN DOES,

*Movants.*

Appeals from the United States District Court
for the District of South Carolina, at Rock Hill.
Cameron McGowan Currie, District Judge.
(CA-98-3716-0-22BD)

Submitted: February 20, 2001

Decided: April 26, 2001

Before WILKINS, TRAXLER, and KING, Circuit Judges.

---

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

---

**COUNSEL**

Lorenzo Bowman, Kevin D. Jones, Appellants Pro Se. Kenneth Paul
Woodington, OFFICE OF THE ATTORNEY GENERAL OF
SOUTH CAROLINA, Columbia, South Carolina; Andrew Frederick
Lindemann, DAVIDSON, MORRISON & LINDEMANN, P.A.,
Columbia, South Carolina; John Eric Fulda, Columbia, South Caro-
lina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Inmates Lorenzo Bowman and Kevin Jones protest South Carolina
Department of Corrections' ("SCDC") practice of segregating all per-

sons testing positive for human immunodeficiency virus ("HIV") at Broad River Correctional Institution ("BRCI"). The district court, adopting the recommendation of the magistrate judge, granted summary judgment to the Defendants; Bowman and Jones appealed.

As to Bowman, we grant his motion seeking to supplement his pro se brief, and have fully considered his additional supporting memorandum, with attachments. We dismiss as moot Bowman's appeal of the denial of injunctive and declaratory relief as he was released and is not currently incarcerated at BRCI. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977). We have thoroughly reviewed the record and finding no reversible error, we affirm the district court's order as to Bowman's remaining claims. We deny Bowman's motion to appoint counsel.

Bowman initially filed suit protesting the segregation of HIV positive inmates. Several dozen other plaintiffs, including Jones, filed similar suits over the past two years. The district court, upon recommendation of the magistrate judge, consolidated the actions. The court also dismissed without prejudice all claims of all plaintiffs not involving the segregation of HIV positive inmates. The court then granted summary judgment to the Defendants on the segregation claim.[1]

Appellants argue that SCDC violated its policy of not separating HIV positive prisoners when it moved all HIV positive inmates to BRCI. Appellants argue that because this policy was reviewed by the court in *Portee v. Tollison*, 753 F. Supp. 184 (D.S.C. 1990), *aff'd*, 929 F.2d 694 (4th Cir. 1991), the SCDC is collaterally estopped from

---

[1]The magistrate judge did not issue a consolidation recommendation as to appellant Kevin Jones (listed as James on the order) until January 10, 2000. The district court's order of December 8, 1999, notes that it adopted the magistrate judge's recommendations dismissing collateral claims. Because the district court did not issue a separate order adopting the magistrate judge's reports and recommendations occurring after December 8, 1999, the district court's order of September 29, 2000 is construed as adopting the magistrate judge's January 10, 2000 recommendation for consolidation and dismissing collateral claims without prejudice.

changing its policy. We disagree and affirm substantially on the reasoning of the district court. *See Bowman v. Beasley*, CA-98-3716-0-22BD (D.S.C. Sept. 29, 2000). As the *Portee* court observed, "the practices and regulations governing the admission of prisoners as well as the handling of prisoners with AIDS . . . are precisely the kind [of decisions] that are best left to prison officials." *Portee*, 753 F. Supp. at 186 (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987)). The practice of segregating HIV positive inmates is within the wide deference afforded prison administrators, *see Sandin v. Conner*, 515 U.S. 472, 482-83 (1995), and it is "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

Bowman argues that he did offer a reasonable accommodation, in accordance with the Americans with Disabilities Act ("ADA"), and therefore meets the criteria set forth in the ADA as an otherwise qualified individual. We disagree; Bowman has not submitted adequate pleadings or affidavits to withstand a motion for summary judgment on the question of whether he is an "otherwise qualified" individual. We therefore affirm the district court's order as to the ADA claim on that basis.

Bowman argues that he has not received rulings on motions for intervention, for permissive joinder, for appointment of counsel. Each of these motions was denied explicitly or implicitly by the district court. Finding no abuse of discretion, we affirm. *See Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) (providing abuse of discretion standard regarding motions to intervene); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284, 286 (4th Cir. 1989) (providing abuse of discretion standard regarding permissive joinder); *Whisenant v. Yuam*, 739 F.2d 160, 163 n.3 (4th Cir. 1984) (providing standard regarding appointment of counsel). We note that Bowman lacks standing to challenge the denial of motions for intervention filed by other inmates. To the extent Bowman seeks appointment of counsel on appeal, we also deny Bowman's motion.

Finally, Bowman appeals the dismissal of his claim of deliberate indifference to a serious medical need under 42 U.S.C.A. § 1983. The district court, adopting the recommendations of the magistrate judge, dismissed without prejudice claims not related to the segregation of HIV positive inmates. This dismissal is a final reviewable order. *See*

*Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993). We have reviewed the pleadings and affirm the district court's dismissal under 28 U.S.C.A. § 1915A (West 2000) on the modified grounds of failure to state a claim upon which relief could be granted. We note the court's dismissal without preju- dice allows the Plaintiffs to file a new complaint with the district court, setting forth with particularity the individual persons who vio- lated their civil rights and the specific acts or omissions taken by such persons. In addition, the district court declined to exercise pendent jurisdiction over any state law claims based on negligence. Such claims may be properly addressed in state court.

As to Jones, although he noted an appeal, he did not file objections to the magistrate judge's reports and recommendations. Jones' failure to timely and specifically object to the magistrate judge's reports and recommendations effectively waives appellate review of the sub- stance of the report.[2] *See generally Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). We deny Jones' motion to stay the proceedings.

We dispense with oral argument because the facts and legal conten- tions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART*

---

[2]Plaintiffs are generally permitted ten days from the entry of a magis- trate judge's report and recommendation to file an objection. *See* Fed. R. Civ. P. 6(a), (e); 72(b). The district court, in response to a motion to extend time filed by Bowman, accorded plaintiffs fifty days, rather than ten days, to file objections.