STATE OF NEBRASKA, APPELLEE, V. KEVIN D. GERDES, APPELLANT.
446 N.W.2d 224

Filed September 29, 1989.    No. 88-973.

Jerry L. Soucie for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In its complaint filed in the county court for Lancaster County, the State charged that Kevin D. Gerdes, on December 7, 1987, operated a motor vehicle while he was under the influence of alcoholic liquor and alleged that the offense was Gerdes' third violation of the statute against drunk driving. See Neb. Rev. Stat. § 39-669.07 (Reissue 1988). On April 15, 1988, a jury convicted Gerdes of the drunk driving charge. Accompanied by his lawyer, Gerdes appeared for a sentence hearing on May 6, 1988, concerning the enhanced penalty authorized on account of Gerdes' prior convictions for drunk driving.

At the enhancement hearing, the State offered the court records for Gerdes' Nebraska convictions in September 1985 (exhibit 18) and February 1983 (exhibit 20). Over Gerdes' objection (relevance), see Neb. Evid. R. 401, Neb. Rev. Stat. § 27-401 (Reissue 1985), the court received exhibit 20 as evidence. Exhibit 18 showed that in 1985 Gerdes was initially charged with drunk driving, alleged to be his third such offense, but that the State's complaint was later amended to eliminate reference to any offense before September 1985, that is, "amended to 1st offense." Because exhibit 18 appeared to be a partial record of Gerdes' 1985 drunk driving conviction, at Gerdes' request the enhancement hearing was adjourned until May 25, when Gerdes, accompanied by his lawyer, reappeared for the enhancement hearing.

At the resumed enhancement hearing, Gerdes offered exhibit 21, which supplemented exhibit 18 and thereby supplied the complete court record of Gerdes' 1985 drunk driving conviction. Exhibit 21 contained:

> The Court further finds that the evidence presented to the Court reflects that the Defendant has had no previous conviction(s) under this subsection since the effective date of this act, and that the Defendant has had no previous conviction(s) under this subsection as it existed prior to the effective date of this act and/or under a city or village ordinance enacted pursuant to this subsection as authorized by section 39-669.07 either prior or subsequent to the effective date of this act.

Gerdes again objected to exhibit 20 (1983 conviction) and

moved to strike the exhibit. The court rejected Gerdes' motion to strike exhibit 20. On the basis of exhibits 18, 20, and 21, the court found that Gerdes had been twice convicted of drunk driving before his 1988 conviction and, therefore, the 1988 conviction was Gerdes' third conviction for drunk driving, punishable pursuant to § 39-669.07(4)(c). Consequently, the county court sentenced Gerdes to 5 months in jail, fined him $500, and suspended his driver's license for 15 years. Gerdes appealed to the district court for Lancaster County, which affirmed Gerdes' conviction and sentence.

In his sole assignment of error, Gerdes contends that the county court erred in

> allowing the State to challenge and present evidence collaterally attacking the prior finding of September 25, 1985 that the defendant had no prior convictions under principles of res judicata and collateral estoppel incorporated in the Fifth and Fourteenth Amendments to the United States Constitution.

As we construe the assignment of error, Gerdes claims that the doctrines of collateral estoppel and res judicata preclude use of the 1983 conviction as a basis for imposition of the enhanced penalty for successive convictions of drunk driving.

The U.S. Supreme Court characterized the phrase "collateral estoppel" in *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970):

> "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

In *State ex rel. Douglas v. Morrow*, 216 Neb. 317, 320, 343 N.W.2d 903, 905 (1984), this court stated:

> Collateral estoppel may be applied where an identical issue was decided in a prior action, there was a judgment on the merits which was final, the party against whom the doctrine is to be applied is a party or is in privity with a party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior litigation.

Gerdes also relies on the related doctrine of res judicata.

"The doctrine of res judicata is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action." *NC + Hybrids v. Growers Seed Assn.*, 228 Neb. 306, 310, 422 N.W.2d 542, 545 (1988). Similar to collateral estoppel, the doctrine of res judicata dictates that

> [a]ny right, fact, or matter in issue and directly adjudicated in a prior proceeding, or necessarily involved in the determination of the action before a competent court in which the judgment or decree was rendered upon the merits, is conclusively settled by the judgment and may not be litigated again between the parties, whether the claim, demand, purpose, or subject matter of the suits would or would not be the same.

*Security State Bank v. Gugelman*, 230 Neb. 842, 845, 434 N.W.2d 290, 292 (1989).

Implicit in the excerpts from *Ashe* and *Morrow* is the principle that collateral estoppel applies when an issue in a present proceeding has necessarily been determined in a prior proceeding. A criminal defendant, relying on collateral estoppel in relation to constitutional protection against double jeopardy in a present proceeding, has the burden to prove that the particular issue which is sought to be relitigated, but which is constitutionally foreclosed by the double jeopardy clause, was necessarily or actually determined in a previously concluded criminal proceeding. *U.S. v. Ragins*, 840 F.2d 1184 (4th Cir. 1988). See, also, *U.S. v. Gentile*, 816 F.2d 1157 (7th Cir. 1987).

Concerning the doctrine of res judicata, this court has stated: " 'The general rule is that a person relying upon the doctrine of res judicata as to a particular issue involved in the pending case bears the burden of introducing evidence to prove that such issue was involved and actually determined in the prior action.' " *State ex rel. Weasmer v. Manpower of Omaha, Inc.*, 163 Neb. 529, 534, 80 N.W.2d 580, 583 (1957) (quoting *Schroeder v. Homestead Corp.*, 163 Neb. 43, 77 N.W.2d 678 (1956)). Furthermore, " '[a] judgment will not operate as res judicata unless it appears on the face of the record, or is shown

by extrinsic evidence, that the precise question was raised and determined in the former suit.' " *Manpower of Omaha, supra* at 535-36, 80 N.W.2d at 584 (quoting *O'Connor v. Abbott*, 134 Neb. 471, 279 N.W. 207 (1938)).

In Gerdes' case, the record fails to establish that the existence of the 1983 conviction was an issue resolved by the court in Gerdes' 1985 conviction for drunk driving. In 1985, Gerdes was originally charged with driving under the influence of alcoholic liquor, which was alleged to be his third such offense. The complaint was later amended to eliminate references to any drunk driving conviction before 1985. In the 1985 prosecution and conviction of Gerdes, there is a high probability that the State may not have even attempted to introduce evidence of Gerdes' 1983 conviction since, as the result of the amendment of the 1985 complaint, Gerdes was convicted of "1st offense" drunk driving, and, therefore, the 1983 conviction was irrelevant to the prosecution and conviction of Gerdes in 1985. Moreover, the 1985 complaint against Gerdes, which alleged that the 1985 offense was a "third offense," does not specify the date for any of Gerdes' prior drunk driving convictions which could have been used to enhance the penalty for Gerdes' conviction in 1985. Thus, Gerdes has failed to establish that the court's statement "no previous conviction(s)," contained in the court record for the 1985 conviction, necessarily related to Gerdes' 1983 conviction for drunk driving.

As previously noted, for application of the doctrines of collateral estoppel and res judicata, the party relying on either of those principles in a present proceeding has the burden to show that a particular issue was involved and necessarily determined in a prior proceeding. In view of Gerdes' failure to present evidence for proper application of the doctrines of collateral estoppel and res judicata, the county court properly utilized Gerdes' 1983 and 1985 convictions as bases for imposition of the enhanced penalty on successive convictions of drunk driving.

Accordingly, we affirm the district court's judgment, which affirmed Gerdes' conviction and sentence in the county court.

AFFIRMED.