WARREN KERNDT, APPELLANT, V. JOHN T. RONAN, SR., ET AL.,
APPELLEES.
458 N.W.2d 466

Filed August 3, 1990.    No. 88-785.

Thomas H. Dahlk, of Lieben, Dahlk, Whitted, Houghton & Jahn, P.C., for appellant.

Jeff C. Miller, of Young & White, for appellees.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Warren Kerndt filed an action in the district court for Dodge County and sought dissolution of a partnership involving Kerndt, an accounting, and damages. The alleged partnership consisted of Ronan & Associates, Inc., John T. Ronan, Sr., and John T. Ronan, Jr. (the preceding corporation and persons are collectively called "Ronans"); Gary W. Dross; and Kerndt. Finding that Kerndt's action was barred by the doctrine of res judicata, the court granted summary judgment to Ronans and dismissed Kerndt's action.

## "DROSS ACTION"

On May 5, 1986, Dross filed an action in the district court for Dodge County, in which Dross sought a partnership dissolution and accounting. The alleged partnership included Dross, Ronans, and Kerndt, who was not joined in the action. Ronans moved for dismissal because Dross had failed to join Kerndt as a necessary party. The court sustained Ronans' motion, but allowed 2 weeks for Dross' amended petition or Kerndt's intervention in the suit. Kerndt filed his intervention petition, which was nearly identical to Dross' petition, except Kerndt alleged that he had not been paid sums required by his oral contract with Ronans. Ronans, alleging that Dross and Kerndt had interfered with Ronans' business relationships, filed a counterclaim against Dross and Kerndt.

All claims within the Dross action were dismissed when the court entered an order, which provided in its entirety:

On January 5th, 1987, this matter came on for trial. Trial was resumed on January 16, 1987. Thereupon the matter of trial was continued. Trial resumed on March 4th, 1987, and was continued until April 2nd, 1987. Trial resumed on April 2nd, 1987, and evidence was further adduced.

At the close of taking of evidence, the Court and counsel discussed a time schedule in which the parties would submit their closing argument in writing, as well as Findings of Fact and Conclusions of Law. Plaintiff and

Intervenors [sic] were granted until April 13, 1987, to submit their argument and Findings of Fact and Conclusions of Law. Defendants were given until April 27, 1987, to answer thereto. Plaintiff and Intervenors [sic] were given until May 4, 1987, to reply.

To date neither the Plaintiff, the Intervenor, nor the Defendants have submitted to the Court their closing argument, nor their proposed Findings of Fact and Conclusions of Law.

Now, the Court being fully advised in the premises does FIND and ORDER that the Plaintiff's Petition, the Intervenor's Petition, and the Defendants' Counterclaim should be, and are hereby, dismissed; with each party bearing their own cost.

Dated this 24th day of June, 1987.

Dross and Kerndt filed a motion and requested that the court vacate its dismissal judgment or grant a new trial. The court denied the motion. Neither Dross nor Kerndt appealed.

## "KERNDT ACTION"

On February 5, 1988, in the district court for Douglas County, Kerndt filed an action against Ronans for a dissolution and accounting of the partnership composed of Kerndt, Dross, and Ronans. Kerndt also alleged that he had not been compensated for services that he performed for Ronans pursuant to an oral agreement. After successfully transferring the case to the district court for Dodge County, Ronans moved for summary judgment on the ground that dismissal of the Dross lawsuit in 1987 barred Kerndt's action in 1988. Finding that the doctrine of res judicata applied to and barred Kerndt's action filed in 1988, the district court determined that there was no genuine issue of material fact, sustained Ronans' motion for summary judgment, and dismissed Kerndt's action.

The order overruling Kerndt's motion for a new trial, entered September 6, 1988, recited that Kerndt's action is "barred under the doctrine of res judicata as the Order of June 24, 1987 entered in [Kerndt's] previous case in this Court on these same causes of action, was a decision of dismissal on the merits based on the testimony and evidence adduced during trial . . . ."

## ASSIGNMENT OF ERROR

Kerndt has appealed and, in his sole assignment of error, contends that the district court erred in its conclusion that the 1987 dismissal order in the Dross action "was a ruling on the merits rather than a dismissal without prejudice, and that the dismissal served as a bar under the doctrine of res judicata." Brief for appellant at 1.

## THE DOCTRINE OF RES JUDICATA

"The doctrine of res judicata is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action." *NC+ Hybrids v. Growers Seed Assn.*, 228 Neb. 306, 310, 422 N.W.2d 542, 545 (1988); *State v. Gerdes*, 233 Neb. 528, 446 N.W.2d 224 (1989).

The doctrine of res judicata dictates that any right, fact, or matter which has been expressly or directly adjudicated on the merits in a previous action before a court acting within its jurisdiction, or which was necessarily included in the determination of the previous action, is conclusively settled by the judgment in the previous action and may not be relitigated by the parties to the previous action, whether the claim, demand, purpose, or subject matter in subsequent litigation would or would not be the same as that in the previous litigation. *State v. Gerdes, supra*; *Security State Bank v. Gugelman*, 230 Neb. 842, 434 N.W.2d 290 (1989). A party relying on a judgment as the basis for application of the doctrine of res judicata has the burden to prove that the prior judgment was an adjudication on the merits. See *State v. Gerdes, supra*.

From the foregoing, the doctrine of res judicata is inapplicable if there was no final judgment on the merits in the previous proceeding which is used as the basis for application of the doctrine. Cf. Neb. Rev. Stat. § 25-1902 (Reissue 1989) (which provides that a final order is "[a]n order affecting a substantial right in an action . . ."). Furthermore, at least "[f]or the purposes of *res judicata*, the definition of a judgment on the merits is one which 'is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or

form.' " *Harper Plastics v. Amoco Chemicals Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) (quoting *Fairmont Aluminum Co. v. Commissioner of Int. Rev.*, 222 F.2d 622 (4th Cir. 1955), *cert. denied* 350 U.S. 838, 76 S. Ct. 76, 100 L. Ed. 748). See, also, *Points v. Oklahoma Pub. Co.*, 672 P.2d 1146 (Okla. 1983); *Bi-State Dev. Agency v. Whelan Sec.*, 679 S.W.2d 332 (Mo. App. 1984).

In support of his argument that dismissal of the Dross action was not a judgment on the merits, Kerndt directs our attention to Neb. Rev. Stat. § 25-601 (Reissue 1989), which provides in relevant part: "An action may be dismissed without prejudice to a future action . . . (5) by the court for disobedience by the plaintiff of an order concerning the proceedings in the action. In all other cases on the trial of the action the decision must be upon the merits." In explaining § 25-601(5), this court has stated that it is within the " 'discretion of the district court to dismiss a petition without prejudice for disobedience by the plaintiff of a reasonable order concerning the proceedings in the action.' " *Vodehnal v. Grand Island Daily Independent*, 191 Neb. 836, 837, 218 N.W.2d 220, 221 (1974) (quoting *Howell v. Malmgren*, 79 Neb. 16, 112 N.W. 313 (1907)); *Pressey v. State*, 173 Neb. 652, 114 N.W.2d 518 (1962). Kerndt asserts that the court dismissed the Dross action in 1987 because the parties failed to comply with the order regarding submission of written closing arguments and proposed findings of fact and conclusions of law; hence, on account of § 25-601(5), dismissal was without prejudice and does not bar Kerndt's present action. See *Morris v. Linton*, 74 Neb. 411, 415-16, 104 N.W. 927, 929 (1905): "[T]he dismissal of a bill without prejudice does not conclude the parties thereto, and they are at liberty to bring another bill upon the same subject matter."

Kerndt's interpretation of the trial court's dismissal order in the Dross action is certainly plausible, inasmuch as the trial court's order specifically referred to the fact that the parties had failed to follow the court's prior order regarding written closing arguments and proposed findings of fact and conclusions of law.

Ronans, however, argue that "the contents of the Order itself reveal that a decision on the merits was rendered by the trial

court." Brief for appellees at 13. Ronans point out that the dismissal order was entered at the conclusion of evidence in the Dross action, a fact noted in the order of dismissal. Ronans also contend that the phrase "fully advised in the premises," which is contained in the court's dismissal order, means "in consideration of the evidence adduced at trial." *Id.* Most assuredly, Ronans' interpretation of the dismissal order is reasonable.

Without clarifying language, such as "based on the evidence presented at trial, the court finds," or "due to the parties' failure to comply with the court's order concerning written closing arguments, the court finds," the 1987 dismissal order is susceptible to the two reasonable interpretations suggested by the parties. On one hand, the 1987 dismissal order may be interpreted as a sanction for noncompliance with the trial court's progression order for disposition of the case, while, on the other hand, the order, entered after conclusion of all the evidence, may have been a disposition on the merits. "Ambiguity exists in an instrument when a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings." *Knox v. Cook*, 233 Neb. 387, 391, 446 N.W.2d 1, 4 (1989); *Dammann v. Litty*, 234 Neb. 664, 452 N.W.2d 522 (1990). See, also, *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 425 N.W.2d 872 (1988). Thus, we conclude that, as a matter of law, the dismissal order in question is ambiguous.

We realize that the trial court, when Kerndt's motion for new trial was overruled in 1988, offered an interpretation of the 1987 dismissal order in the Dross action which was used as the basis for application of res judicata. However, after the time for appeal from a judgment has passed, a trial court's postjudgment interpretation of the judgment is irrelevant to an appellate court's determination of the judgment's meaning, which, as a matter of law, is determined by the contents of the judgment in question. See *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986). See, also, *Crofts v. Crofts*, 21 Utah 2d 332, 335, 445 P.2d 701, 702-03 (1968):

> If a judgment can mean one thing one day and something else on another day, there would be no reason

to suppose that the litigation had been set at rest. The same must be said if the judgment can mean one thing to one judge and something else to another judge. All are bound by the original language used, and all ought to interpret the language the same way. . . . The judge who tried the case and who ought to know what he meant to say, after the time for appeal, etc., has passed cannot any more change or cancel one word of the judgment than can any other judge.

Ambiguity in a dismissal order, that is, whether the dismissal is actually a final judgment on the merits, will frequently lead to a procedural dilemma for a party whose action has been dismissed. Should that party, interpreting the dismissal as a final order, appeal, only to learn through the appeal that there has been no final and, therefore, appealable order? Or should that party, interpreting the dismissal as one which is not a disposition on the merits, withhold an appeal and later be confronted with res judicata as a bar to a subsequent action? To avoid procedural dilemmas inherent in an ambiguous dismissal order, courts in other jurisdictions have determined that if a previous judgment is ambiguous as to whether the judgment was on the merits, the doctrine of res judicata is inapplicable. See, *Henderson v. Bardahl Int'l Corp.*, 72 Wash. 2d 109, 117, 431 P.2d 961, 966 (1967): "An ambiguous and inconsistent judgment should not be the basis for an estoppel by judgment"; *Melaro v. Mezzanotte*, 352 F.2d 720, 721 n.2 (D.C. Cir. 1965): "A judgment the basis of which is ambiguous is not res judicata"; *Philpot v. Minton*, 370 S.W.2d 402, 403 (Ky. 1963): "When the basis of an earlier decision is not made clear it cannot operate as res judicata"; *State ex rel. Hamilton v. Cohn*, 1 Wash. 2d 54, 95 P.2d 38 (1939).

Since the 1987 dismissal order is ambiguous, the doctrine of res judicata is inapplicable to bar Kerndt's present action. Therefore, the district court's summary judgment is erroneous. For that reason, we reverse the judgment of the district court and remand this matter for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WHITE, J., not participating.