WILLIAM STEVENSON, APPELLANT AND CROSS-APPELLEE, V.
MICHAEL WRIGHT, APPELLEE AND CROSS-APPELLANT.
733 N.W.2d 559

Filed June 22, 2007. No. S-06-320.

Jeffry D. Patterson, of Bartle & Geier Law Firm, for appellant.

Cathy S. Trent and Melanie J. Whittamore-Mantzios, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

William Stevenson and Michael Wright were involved in a traffic accident in Lincoln, Nebraska, and Wright was found guilty of operating his vehicle in a careless, reckless, or negligent manner, in violation of Lincoln Mun. Code § 10.14.290 (1990). Stevenson then brought a civil action against Wright for the damage to Stevenson's vehicle. The issues presented in this appeal are whether Wright's conviction for the traffic infraction of operating his vehicle in a careless, reckless, or negligent manner (1) is admissible against him in the civil action as evidence of negligence or (2) collaterally estops him from denying negligence or alleging Stevenson's negligence.

## BACKGROUND

After the accident, Wright was ticketed for operating his vehicle in a careless, reckless, or negligent manner. Wright pleaded not guilty, and the matter went to trial in the county court.

At trial, Stevenson testified that on November 29, 2003, he was driving his Chevrolet Suburban west on Vine Street toward his residence, which was on the north side of Vine Street between East Avon and Colony Lanes. Vine Street, at the time of the accident, had three lanes at that location: one traffic lane in each direction and a middle turn lane. Stevenson testified that he signaled a right turn and was in the right lane, turning into his driveway, when his vehicle was struck on the right side by another vehicle that approached from behind. Stevenson's son, who was waiting in a parking lot across the street for his father to pull into the driveway, testified that he witnessed the accident, and he corroborated his father's testimony.

Wright, the driver of the other vehicle, testified that he was driving west on Vine Street behind Stevenson when Stevenson's vehicle went into the middle turn lane. Wright said he did not see a turn signal. Wright testified that Stevenson made a right turn from the middle lane and that Wright was unable to stop, resulting in a collision in the right lane. Essentially, Wright's theory was that in order for Stevenson's Chevrolet Suburban to make a 90-degree right turn into his driveway, Stevenson had been required to take his vehicle into the center lane and make a wide right turn, causing the collision.

The county court found Wright guilty of operating his vehicle in a careless, reckless, or negligent manner in violation of § 10.14.290 and fined him $60 plus court costs. Later, Stevenson brought a civil action against Wright in the county court for the damages allegedly caused to Stevenson's vehicle by Wright's negligence. Wright denied that he was negligent, alleged as an affirmative defense that Stevenson's own negligence was the cause of the accident, and specifically alleged the ways in which he claimed Stevenson was negligent. Stevenson filed a motion for summary judgment based on the traffic infraction conviction.

The county court found that the issue of Wright's negligence as the proximate cause of Stevenson's damages was finally resolved in the traffic infraction proceeding. The county court concluded that Wright was collaterally estopped from asserting that Stevenson's negligence was the cause of the collision. Because Wright had admitted that the amount of Stevenson's damages was $2,708.70, the county court entered summary judgment in that amount, plus court costs and postjudgment interest.

On appeal, the district court partly reversed the judgment of the county court. The district court found that although evidence of the traffic infraction conviction was admissible, the issues in that proceeding were not identical to those in the civil action, because the issues of contributory negligence and allocation of liability were not presented in the traffic infraction proceeding. The district court also noted that although Stevenson testified in the traffic infraction proceeding, he was not a party to that proceeding. The district court concluded that collateral estoppel was inapplicable and affirmed the county court's order with respect to the admissibility of the conviction, but reversed the order with respect to the summary judgment.

## ASSIGNMENTS OF ERROR

Stevenson assigns that the district court erred in (1) concluding that collateral estoppel was not applicable because Stevenson was not a party to the traffic court prosecution, (2) concluding that contributory negligence and comparison of negligence were issues to be resolved in the county court civil action, and (3) failing to conclude that the factual findings of the traffic court necessarily result in a finding that Stevenson

was not negligent or a cause of the collision with Wright. On cross-appeal, Wright contends that the district court erred in affirming the county court's decision to receive into evidence, for purposes of the summary judgment motion, evidence of Wright's traffic infraction conviction.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[1] In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[2]

## ANALYSIS

### ADMISSIBILITY OF CONVICTION FOR TRAFFIC INFRACTION AS EVIDENCE OF NEGLIGENCE

We begin with the issue presented by Wright's cross-appeal—the admissibility of Wright's conviction as evidence of negligence. Wright relies on Neb. Rev. Stat. § 60-693 (Reissue 2004), which provides that "[n]o evidence of the conviction of any person for any violation of any provision of the Nebraska Rules of the Road[3] shall be admissible in any court in any civil action." Had Wright been convicted of violating a Nebraska state traffic regulation, § 60-693 would be dispositive of this issue. But Wright was convicted of violating a Lincoln city ordinance. Strictly speaking, § 60-693 does not apply to a conviction for violating a municipal ordinance. But the rule stated in § 60-693 is representative of the general rule followed by the overwhelming majority of jurisdictions to have considered the admissibility of a traffic conviction in a subsequent civil

---

[1] *Malolepszy v. State, ante* p. 313, 729 N.W.2d 669 (2007).

[2] *Id.*

[3] See Neb. Rev. Stat. ch. 60, art. 6 (Reissue 2004 & Cum. Supp. 2006).

proceeding. The general rule is that traffic convictions are not admissible in later civil proceedings as evidence of the facts that serve as a basis for the conviction.[4] As explained by the Illinois Supreme Court:

> Ultimately, the danger of unfair prejudice from a traffic conviction outweighs its probative value. . . . A conviction conveys a deceptive sense of certainty to the jury in a civil case that is difficult to challenge. "[J]uries may have difficulty grasping the distinction between a prior judgment offered as evidence and one that is conclusive, giving the judgment binding effect even if this is contrary to substantive law." . . . The jury in a civil action may substitute the opinion of the police officer who issued the ticket or the opinion of the traffic judge for its own. . . . Traffic court may therefore become "the cornerstone of a significant civil action filed after the conclusion of the criminal proceedings."[5]

■ Generally, evidence of a final judgment, entered after a trial or upon a plea of guilty, adjudging a person guilty of

---

[4] See, *Hadley v. Maxwell*, 144 Wash. 2d 306, 27 P.3d 600 (2001); *Johnson v. Leuthongchak*, 772 A.2d 249 (D.C. 2001); *Thurmond v. Monroe*, 159 Ill. 2d 240, 636 N.E.2d 544, 201 Ill. Dec. 112 (1994); *Williams v. Brown*, 860 S.W.2d 854 (Tenn. 1993); *O'Neal v. Joy Dependent School Dist.*, 820 P.2d 1334 (Okla. 1991); *Briggeman v. Albert*, 322 Md. 133, 586 A.2d 15 (1991); *Eaton v. Eaton*, 119 N.J. 628, 575 A.2d 858 (1990); *Ruthardt v. Tennant*, 252 La. 1041, 215 So. 2d 805 (1968); *Kirkendall v. Korseberg*, 247 Or. 75, 427 P.2d 418 (1967); *Loughner, Appellant v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966); *Beanblossom v. Thomas*, 266 N.C. 181, 146 S.E.2d 36 (1966); *Garver v. Utyesonich*, 235 Ark. 33, 356 S.W.2d 744 (1962); *Anderson v. Saunders*, 16 Wis. 2d 55, 113 N.W.2d 831 (1962); *Friesen v. Schmelzel*, 78 Wyo. 1, 318 P.2d 368 (1957); *Utah Farm Bureau Ins. Co. v. Chugg*, 6 Utah 2d 399, 315 P.2d 277 (1957); *Ripple v. Brack*, 132 Colo. 125, 286 P.2d 625 (1955); *Stevens v. Duke*, 42 So. 2d 361 (Fla. 1949); *Warren v. Marsh*, 215 Minn. 615, 11 N.W.2d 528 (1943); *Myers v. Barnard*, 180 Ga. App. 192, 348 S.E.2d 733 (1986); *Lucas v Carson*, 38 Mich. App. 552, 196 N.W.2d 819 (1972); *Hannah v. Steel Co.*, 120 Ohio App. 44, 201 N.E.2d 63 (1963). But see, *Durham v. Farabee*, 481 So. 2d 885 (Ala. 1985); *Asato v. Furtado*, 52 Haw. 284, 474 P.2d 288 (1970). See, generally, Annot., 73 A.L.R.4th 691 (1989 & Supp. 2006).

[5] *Thurmond, supra* note 4, 159 Ill. 2d at 247, 636 N.E.2d at 548, 201 Ill. Dec. at 116 (citations omitted).

a crime punishable by death or imprisonment in excess of 1 year, is admissible to prove any fact essential to sustain the judgment.[6] But traffic infractions, including violation of the municipal ordinance under which Wright was convicted, are not punishable by imprisonment in excess of 1 year.[7] And this rule is based on the valid distinction between a conviction for a more serious offense and for a relatively minor matter such as a traffic infraction.[8] "Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's 'trial technique.'"[9]

Stevenson points out, correctly, that unlike a conviction based on a plea or payment of a fine, Wright's conviction was based on a trial in the county court. But it is unrealistic and impractical to examine a prior conviction to determine whether the defendant vigorously defended himself, and to do so would amount to penalizing individuals who exercised their right to defend against the charges against them. Wright should not be penalized for having an attorney to defend him.[10] And we note that this case does not involve a plea of guilty and, thus, does not implicate the use, in a subsequent action, of a plea of guilty entered by the defendant in a criminal action as an admission that the defendant committed the acts charged.[11]

Fundamentally, there is no principled reason for us to distinguish a traffic infraction conviction under state law from one under a municipal ordinance. While municipal ordinances regulating traffic are not technically part of the Nebraska Rules of the Road, such ordinances exist only because they are *authorized*

---

[6] See Neb. Evid. R. 803(21), Neb. Rev. Stat. § 27-803(21) (Reissue 1995).

[7] See, § 60-689; Lincoln Mun. Code §§ 10.06.160 and 10.14.300 (1990).

[8] See Fed. R. Evid. 803 advisory committee note.

[9] *Loughner, Appellant, supra* note 4, 421 Pa. at 285, 218 A.2d at 769. See, also, *Ruthardt, supra* note 4.

[10] See *Thurmond, supra* note 4.

[11] See, *Schaefer v. McCreary*, 216 Neb. 739, 345 N.W.2d 821 (1984); *Remmenga v. Selk*, 150 Neb. 401, 34 N.W.2d 757 (1948); *Piechota v. Rapp*, 148 Neb. 442, 27 N.W.2d 682 (1947); *Wisnieski v. Vanek*, 5 Neb. (Unoff.) 512, 99 N.W. 258 (1904).

by those rules.[12] And the admissibility of a conviction should not depend on the charging authority's decision whether to prosecute an alleged offender under state law or a functionally equivalent local ordinance. In this case, Wright was convicted of violating § 10.14.290, which provides:

> It shall be unlawful for any person to drive, use, operate, park, cause to be parked, or stop any vehicle (a) in a careless manner, or (b) in a reckless manner, or (c) in a negligent manner, or (d) in such manner as to endanger life, limb, person, or property, or (e) in such a manner as to endanger or interfere with the lawful traffic or use of the streets, or (f) in such a condition as to endanger or interfere with the lawful traffic or use of the streets.

Section 10.14.290 has no precise analog in the Nebraska Rules of the Road, but § 60-6,212 provides that "[a]ny person who drives any motor vehicle in this state carelessly or without due caution . . . shall be guilty of careless driving." And we have held that "[t]he words 'carelessly or without due caution' are synonymous with 'negligently or without due care . . . .'"[13] Wright could just as easily have been charged with violating state law, and it would make little sense to give greater effect to his conviction under local law for the same conduct.

 But more importantly, while § 60-693 "'may not be literally applicable, [it is] clearly indicative of legislatively approved public policy,'" and this determination is one that we are bound to respect.[14] Based on the policy underlying § 60-693, and the overwhelming weight of authority from other jurisdictions, we hold that evidence of conviction for a traffic infraction[15] is not admissible in a civil suit for damages arising out of the same traffic infraction. The district court erred in concluding that Wright's conviction under § 10.14.290 was admissible against him as evidence of negligence.

---

[12] See § 60-680(1)(x).

[13] *State v. Merithew*, 220 Neb. 530, 533, 371 N.W.2d 110, 112 (1985).

[14] See *Munstermann v. Alegent Health*, 271 Neb. 834, 846, 716 N.W.2d 73, 84 (2006).

[15] See § 60-672 (defining "traffic infraction").

## COLLATERAL ESTOPPEL IS INAPPLICABLE
## UNDER THESE CIRCUMSTANCES

■ We turn now to Stevenson's appeal, which presents a similar, but analytically distinct issue—whether operating his vehicle in a careless, reckless, or negligent manner collaterally estops him from denying his liability in the instant case. Although implicating some similar policy concerns, the rules of evidence with respect to the admissibility of a conviction as evidence for the trier of fact do not determine the collateral estoppel or res judicata effect to which such a judgment may be entitled.[16]

■ Collateral estoppel means that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties or their privies in any future lawsuit.[17] Collateral estoppel may be applied where an identical issue was decided in a prior action, there was a judgment on the merits which was final, the party against whom the doctrine is to be applied is a party or is in privity with a party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior litigation.[18] Prior criminal proceedings can work an estoppel in a subsequent civil proceeding, so long as the question involved was distinctly put in issue and directly determined in the criminal action.[19]

■ But for application of the doctrines of collateral estoppel or res judicata, the party relying on either of those principles in a present proceeding has the burden to show that a particular issue was involved and necessarily determined in a prior proceeding.[20] Here, we agree with the district court that the issues

---

[16] See *Lichon v American Ins Co*, 435 Mich. 408, 459 N.W.2d 288 (1990). See, also, *Robinson v. Globe Newspaper Co.*, 26 F. Supp. 2d 195 (D. Me. 1998); *Banek v. Thomas*, 733 P.2d 1171 (Colo. 1986); *Pattershall v. Jenness*, 485 A.2d 980 (Me. 1984); *Crowall v. Heritage Mut. Ins. Co.*, 118 Wis. 2d 120, 346 N.W.2d 327 (Wis. App. 1984).

[17] *State v. Gerdes*, 233 Neb. 528, 446 N.W.2d 224 (1989).

[18] *Id.*

[19] See *Fowler v. Nat. Bank of Commerce*, 209 Neb. 861, 312 N.W.2d 269 (1981).

[20] See *Gerdes, supra* note 17.

presented in the present case were not determined in the traffic infraction proceedings. While the contributory acts of a victim are usually immaterial to the issue of criminal guilt, the contributory negligence of an injured or damaged party in a civil action is vital to the ultimate issue of a defendant's liability.[21] And the proximate relation of the traffic infraction to the accident is not involved in the criminal proceeding, whereas it is an important issue in the civil case.[22]

Stevenson argues that the county court judge, in the traffic infraction proceeding, was required to decide that Stevenson was not negligent or a cause of the collision. Stevenson claims that the court "affirmatively rejected" Wright's "testimony and contention that the sole cause of the accident was . . . Stevenson's conduct."[23] We disagree. In order to convict Wright of the offense with which he was charged, the court was required to conclude only that Wright operated his vehicle in a careless, reckless, or negligent manner.[24] The court was not required to consider whether Stevenson was also negligent, nor was the court required to consider whose negligence was the cause (or greater cause) of the accident. The court could well have believed Wright's testimony about the accident, but still concluded that Wright's inability to stop his vehicle before the collision was evidence of negligence. And in point of fact, collateral estoppel is not based on what the trier of fact in the prior proceeding may have believed, but what findings were necessary to the judgment rendered.[25]

■ Stevenson also contends that his own negligence, if any, was not at issue in *this* proceeding, because Wright "completely failed to affirmatively set forth the defense of contributory negligence in his answer."[26] Again, we disagree. The key to

---

[21] *O'Neal, supra* note 4. See, *Warren, supra* note 4; *Nationwide Ins. Co. v. Isreal,* 116 Ohio App. 3d 671, 688 N.E.2d 1126 (1996).

[22] *Warren, supra* note 4.

[23] Brief for appellant at 14.

[24] See § 10.14.290.

[25] See *Gerdes, supra* note 17.

[26] Brief for appellant at 11.

determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense.[27] In this case, Wright's answer denied his own negligence, but alleged as an "affirmative defense" that Stevenson's negligence was the cause of the accident, and specified the ways in which Stevenson was allegedly negligent. That was sufficient to give fair notice to Stevenson that his own negligence was at issue and plead the defense of contributory negligence.[28]

The district court correctly concluded that on the facts of this case, collateral estoppel was not applicable. We are aware that some jurisdictions have concluded that even where identical issues were decided in a prior criminal proceeding, a conviction for a minor offense is insufficient to support collateral estoppel, because the defendant may lack incentive to vigorously defend, and the conviction may not derive from full and fair litigation.[29] We do not find it necessary to decide that question in this case. Stevenson also contends that the district court erred in concluding that collateral estoppel was not applicable because Stevenson was not a party to the traffic infraction proceedings. But, given our disposition of this appeal, we have no need to consider that question.

## CONCLUSION

The district court correctly determined that collateral estoppel was inapplicable in this case and correctly reversed the county court's summary judgment. The district court erred, however, in concluding that Wright's traffic infraction conviction was admissible evidence of negligence. The district court's

---

[27] See, Neb. Ct. R. of Pldg. in Civ. Actions 8(a) (rev. 2003); *Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979); *Weeder v. Central Comm. College*, 269 Neb. 114, 691 N.W.2d 508 (2005).

[28] See, e.g., *Fidelity & Deposit Co. of Md. v. Bank of Bladenboro*, 596 F.2d 632 (4th Cir. 1979); *American Motorists Ins. Co. v. Napoli*, 166 F.2d 24 (5th Cir. 1948); *Brown v. Billy Marlar Chevrolet, Inc.*, 381 So. 2d 191 (Ala. 1980). Cf., *Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999); *Weeder, supra* note 27.

[29] See, *Hadley, supra* note 4; *Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171 (1986).

decision is affirmed in part and in part reversed, and the cause is remanded with directions to remand the case to the county court for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.