could be drawn as to whether Okoye knowingly provided false or misleading information in his autopsy report. Because the elements of a malicious prosecution action are difficult to prove, "a plaintiff has a steep climb in prosecuting a malicious prosecution action."[40] Nevertheless, appellees have not demonstrated as a matter of law that McKinney will not make that climb.

We reverse the district court's order granting appellees summary judgment.

REVERSED.

HEAVICAN, C.J., and STEPHAN and CASSEL, JJ., not participating.

---

[40] *McKinney v. Okoye, supra* note 1, 282 Neb. at 887, 806 N.W.2d at 578.

---

STATE OF NEBRASKA, APPELLEE, V.
CODY M. BRUCKNER, APPELLANT.
___ N.W.2d ___

Filed January 31, 2014.    No. S-13-164.

1. **Collateral Estoppel: Appeal and Error.** The applicability of the doctrine of collateral estoppel constitutes a question of law. With regard to such a question, an appellate court is obligated to reach a conclusion independent from the lower court's conclusion.
2. **Collateral Estoppel: Words and Phrases.** "Collateral estoppel" means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties or their privies in any future lawsuit.
3. **Collateral Estoppel.** There are four conditions that must exist for the doctrine of collateral estoppel to apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privy with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.
4. **Constitutional Law: Collateral Estoppel: Double Jeopardy.** The doctrine of collateral estoppel is embodied in the 5th Amendment guarantee against double jeopardy and is applicable to the states through the 14th Amendment.
5. **Collateral Estoppel: Double Jeopardy.** The fact that collateral estoppel is embodied in double jeopardy does not mean that it is coextensive with the protections of double jeopardy.

6. **Collateral Estoppel: Prior Convictions: Sentences.** Collateral estoppel does not apply in the context of whether a defendant's prior conviction may be used for purposes of sentence enhancement.

Appeal from the District Court for Sarpy County: Max Kelch, Judge. Affirmed.

John P. Grant, of Grant Law Offices, P.C., for appellant.

Jon Bruning, Attorney General, Erin E. Tangeman, George R. Love, and Joel R. Rische, Senior Certified Law Student, for appellee.

Heavican, C.J., Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.

Cody M. Bruckner appeals from an order finding him guilty of fourth-offense driving under the influence (DUI), a Class IIIA felony. The principal issue on appeal is whether the trial court erred in holding that the doctrine of collateral estoppel did not bar the use of two prior convictions for the purpose of sentence enhancement. Although our reasoning differs somewhat from that of the district court, we affirm.

## BACKGROUND

As a result of an incident which occurred on July 6, 2012, Bruckner was charged with DUI. In the operative charging information, the State alleged that the DUI should be punished as a fourth offense because Bruckner had previously been convicted of DUI on April 17, 2003; October 15, 2001; and September 17, 1999.

Immediately after Bruckner pled guilty to the 2012 DUI charge, the court conducted a sentence enhancement hearing and received three exhibits offered by the State. Exhibit 1 was a certified copy of Bruckner's April 17, 2003, DUI conviction. The exhibit shows that Bruckner was charged on October 3, 2002, with third-offense DUI. The exhibit contains the charging information, which alleged two prior convictions as the basis for the third-offense charge: September 17, 1999, and

October 15, 2001. The exhibit shows that Bruckner pled no contest to the 2002 DUI charge and that a sentence enhancement hearing was held. No transcription of the sentencing hearing is included in the exhibit, but it demonstrates that two exhibits identified as "Exhibit[s] 2 & 3" were offered and received at the enhancement hearing. It further demonstrates that the court found Bruckner guilty of a first-offense DUI in 2003.

Exhibit 2 offered by the State is a certified record of Bruckner's September 17, 1999, conviction for DUI, and exhibit 3 offered by the State is a certified record of Bruckner's October 15, 2001, conviction for DUI. During the enhancement hearing in the instant case, Bruckner argued that the 1999 and 2001 convictions were the same convictions referred to in the record of the 2003 enhancement hearing and that because those convictions did not result in enhancement of the 2003 charge, the State was collaterally estopped from using them for enhancement of the 2012 charge. Noting that our decision in *State v. Gerdes*[1] "never directly determined" whether collateral estoppel applied in a sentence enhancement proceeding, the district court concluded that even if it did, the record was insufficient to apply the doctrine in this case. The court stated that without knowing the reason the 1999 and 2001 convictions were not used for enhancement of the 2003 offense, it could not conclude that there was a prior adjudication which would form the basis of collateral estoppel.

After he was sentenced for fourth-offense DUI, Bruckner perfected this timely appeal, which we moved to our docket on our motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[2]

## ASSIGNMENT OF ERROR

Bruckner assigns that the district court erred in enhancing the sentence for his 2012 DUI conviction as a fourth offense.

---

[1] *State v. Gerdes*, 233 Neb. 528, 446 N.W.2d 224 (1989).

[2] See, Neb. Rev. Stat. § 24-1106(3) (Reissue 2008); Neb. Ct. R. App. P. § 2-102(C) (rev. 2012).

## STANDARD OF REVIEW

[1] The applicability of the doctrine of collateral estoppel constitutes a question of law.[3] With regard to such a question, an appellate court is obligated to reach a conclusion independent from the lower court's conclusion.[4]

## ANALYSIS

[2,3] "Collateral estoppel" means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties or their privies in any future lawsuit.[5] There are four conditions that must exist for the doctrine of collateral estoppel to apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privy with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.[6] Bruckner contends that the issue of whether his 1999 and 2001 convictions could be used for enhancement was decided against the State in his 2003 case and that the State is therefore collaterally estopped from relitigating in this case whether those convictions can be used for enhancement.

A threshold issue of law is whether the doctrine of collateral estoppel applies to a sentence enhancement proceeding in a criminal case. As the district court noted, our jurisprudence on this point is not entirely clear. In *State v. Gerdes*,[7] a defendant convicted of DUI contended that collateral estoppel barred records of his two prior DUI convictions from being used for sentence enhancement purposes. After discussing the general parameters of collateral estoppel, we held that

---

[3] *State v. McCarthy*, 284 Neb. 572, 822 N.W.2d 386 (2012).

[4] *Id.*

[5] *Id.*; *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994), *overruled in part on other grounds*, *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

[6] *Id.*

[7] *State v. Gerdes,* s*upra* note 1.

[a] criminal defendant, relying on collateral estoppel in relation to constitutional protection against double jeopardy in a present proceeding, has the burden to prove that the particular issue which is sought to be relitigated, but which is constitutionally foreclosed by the double jeopardy clause, was necessarily or actually determined in a previously concluded criminal proceeding.[8]

We concluded that the defendant had not met this burden, because he did not prove that there had been prior adjudications of the specific issue of whether his prior convictions could be used for enhancement. While the applicability of collateral estoppel to enhancement proceedings may have been implicit in *Gerdes*, our opinion did not reach the issue directly. Citing *Gerdes*, the Nebraska Court of Appeals applied similar reasoning in *State v. Solomon*.[9]

Recently in *State v. McCarthy*,[10] we rejected a claim that collateral estoppel barred the use of two prior shoplifting convictions to enhance a subsequent offense. Because both of the prior convictions were treated as first offenses, the defendant argued that her conviction for third offense should have been treated as only a second offense. Rejecting this argument, we held that both prior convictions could be used for a third-offense enhancement, because the law did not require progressive convictions for first- and second-offense shoplifting in order to enhance a third conviction to a third offense. Our opinion in *McCarthy* did not address the broader question of whether collateral estoppel could ever apply in a sentence enhancement proceeding. We address that question now.

[4] The doctrine of collateral estoppel is embodied in the 5th Amendment guarantee against double jeopardy and is applicable to the states through the 14th Amendment.[11] We

---

[8] *Id*. at 531, 446 N.W.2d at 227, citing *U.S. v. Ragins*, 840 F.2d 1184 (4th Cir. 1988). See, also, *U.S. v. Gentile*, 816 F.2d 1157 (7th Cir. 1987).

[9] *State v. Solomon*, 16 Neb. App. 368, 744 N.W.2d 475 (2008).

[10] *State v. McCarthy, supra* note 3.

[11] See *Ashe v. Swenson*, 397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970).

considered the interplay between double jeopardy and collateral estoppel in the criminal context in *State v. Young*.[12] In that case, a defendant was charged with DUI and, based on the same conduct, had his driver's license administratively revoked. At a hearing on the administrative revocation, he successfully persuaded the director of the Department of Motor Vehicles that he had not been operating his vehicle at the time he was intoxicated, and his license was restored. During his criminal trial for DUI, the defendant alleged the director's administrative finding that he had not been operating the vehicle while intoxicated collaterally estopped the State from attempting to prove otherwise. We rejected this argument, reasoning in part that administrative revocation proceedings do not involve punishment implicating double jeopardy principles, and that "[t]he absence of double jeopardy exposure forecloses the application of collateral estoppel against the State . . . ."[13]

Both the U.S. Supreme Court and this court have held that double jeopardy principles do not bar a retrial on a prior conviction allegation in the noncapital sentencing context where the initial evidence is found to be insufficient.[14] In *State v. Oceguera*,[15] we agreed that the State failed to present sufficient evidence of three valid prior DUI convictions to support a conviction for fourth offense, but we remanded for a new enhancement hearing after concluding that the failure of proof did not trigger double jeopardy protections.

[5] A literal application of the language we used in *Young* would lead to the conclusion that because double jeopardy does not bar retrial on the prior conviction allegations, neither does collateral estoppel. But our categorical statement in *Young* may have been imprecise. Most other state and federal courts hold that although collateral estoppel is embodied in the double jeopardy clause, it is actually a separate claim that mandates

---

[12] *State v. Young*, 249 Neb. 539, 544 N.W.2d 808 (1996).

[13] *Id*. at 543, 544 N.W.2d at 812.

[14] *Monge v. California*, 524 U.S. 721, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998); *State v. Oceguera*, 281 Neb. 717, 798 N.W.2d 392 (2011).

[15] *State v. Oceguera*, *supra* note 14.

a separate analysis, and applies in criminal proceedings independent of double jeopardy principles.[16] As the U.S. Court of Appeals for the Seventh Circuit explained in *U.S. v. Bailin*,[17] the fact that collateral estoppel is embodied in double jeopardy does not mean that it is coextensive with the protections of double jeopardy. Indeed, a "criminal defendant has no need for the benefits of [collateral estoppel] if his entire prosecution is barred by double jeopardy."[18] Thus, collateral estoppel can be applicable in criminal cases even when double jeopardy is not.[19] As the *Bailin* court noted, a better statement of the rule should be that collateral estoppel is a "'component'" of the double jeopardy clause.[20]

The question before us is whether collateral estoppel should apply in the context of a prior conviction sentencing enhancement proceeding despite the fact that double jeopardy does not. To answer that question, we look to other jurisdictions for guidance. Some jurisdictions have limited the application of collateral estoppel in criminal cases to prior determinations of fact which relate directly to criminal liability[21] or are essential to a claim or defense.[22] We note that, so limited, collateral estoppel would not apply to a sentence enhancement proceeding.

Other jurisdictions have identified specific public policy reasons why collateral estoppel should not apply in sentence enhancement proceedings. For example, in *People v. Barragan*,[23] the California Supreme Court considered an issue

---

[16] See, *U.S. v. Hall*, 551 F.3d 257 (4th Cir. 2009); *U.S. v. Bailin*, 977 F.2d 270 (7th Cir. 1992); *People v. Barragan*, 32 Cal. 4th 236, 83 P.3d 480, 9 Cal. Rptr. 3d 76 (2004); *State v. Butler*, 505 N.W.2d 806 (Iowa 1993). See, also, 50 C.J.S. *Judgments* § 1217 (2009).

[17] *U.S. v. Bailin, supra* note 16.

[18] *Id*. at 275.

[19] *Id*.

[20] *Id*. at 276 n.8.

[21] *State v. Taylor*, 103 So. 3d 571 (La. App. 2012).

[22] *State v. Eggleston*, 164 Wash. 2d 61, 187 P.3d 233 (2008).

[23] *People v. Barragan, supra* note 16, 32 Cal. 4th at 239, 83 P.3d at 482, 9 Cal. Rptr. 3d at 79.

arising under California's "Three Strikes" law, which pre-
scribes an increased punishment for a felony if the defendant
has one or more prior qualifying felony convictions, known
as strikes. A finding that the defendant had one "strike" was
reversed on appeal for insufficient evidence, and the question
was whether he could be retried on that issue. The court held
that he could, rejecting the defendant's claim that retrial was
barred under various theories, including collateral estoppel.
The court determined that under California law, the initial
determination was never final. And it specifically noted that
even if the finality requirement were met, "'the public policies
underlying collateral estoppel—preservation of the integrity
of the judicial system, promotion of judicial economy, and
protection of litigants from harassment by vexatious litiga-
tion—strongly influence whether its application in a particular
circumstance would be fair to the parties and constitutes sound
judicial policy.'"[24]

The court in *Barragan* reasoned that permitting retrial on the
issue of a prior conviction would not undermine the integrity
of the judicial system, but applying collateral estoppel to pre-
vent retrial of this issue would undermine public confidence in
the ability of the system to apply statutes prescribing increased
punishment for repeat offenders. The court concluded that
allowing the State another opportunity to show the convic-
tions is "'not unfair'" but will actually "'enhance the accuracy
of the proceeding.'"[25] The court also noted that retrial would
not subject the defendant to harassment, because the public
had a legitimate interest in making sure defendants will not,
"'through technical defects in . . . proof,'" escape statutorily
prescribed increased punishments.[26]

Similarly, in *Williams v. New York*,[27] a court declined to
apply collateral estoppel to bar use of prior convictions for

[24] *Id*. at 256, 83 P.3d at 495, 9 Cal. Rptr. 3d at 93.

[25] *Id*. at 257, 83 P.3d at 495, 9 Cal. Rptr. 3d at 94, quoting *Caspari v. Bohlen*,
510 U.S. 383, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994).

[26] *Id*. at 257, 83 P.3d at 496, 9 Cal. Rptr. 3d at 95, quoting *People v. Morton*,
41 Cal. 2d 536, 261 P.2d 523 (1953).

[27] *Williams v. New York*, 367 F. Supp. 2d 449 (W.D.N.Y. 2005).

enhancement purposes. The court noted that collateral estoppel "'is less liberally applied in criminal cases than in civil actions, because "considerations peculiar to the criminal process may outweigh the need to avoid repetitive litigation."'"[28] The court reasoned that because criminal cases involve issues of public safety and the rights of individual defendants, "concern with reaching the correct result inevitably must outweigh the efficiency concerns that might otherwise favor application of the collateral estoppel doctrine."[29]

Although each of these cases involved factual contexts slightly different from the present case, we conclude that the public policy considerations they discuss are persuasive reasons not to apply collateral estoppel in the context of determining whether prior convictions can be used to enhance the classification of or sentence imposed on a subsequent conviction. Unlike many issues of fact in criminal cases, the existence of a prior conviction is usually not a matter of genuine dispute. As the U.S. Supreme Court has observed, "[p]ersistent-offender status is a fact objectively ascertainable on the basis of readily available evidence. Either a defendant has the requisite number of prior convictions, or he does not."[30]

[6] The fact that a prior conviction was not used for enhancement in a prior proceeding should not be a bar to its use in a subsequent enhancement proceeding if, as is the case here, the conviction fits within the statutory enhancement scheme. This is hardly unfair to the defendant who has already committed the crime and is on notice that the conviction may affect the severity of punishment for a subsequent offense. Application of the doctrine of collateral estoppel to produce a contrary result would undermine both the truth-seeking function of the criminal justice system and public confidence in the ability of courts to punish repeat offenders in the manner which the Legislature has prescribed. We therefore hold that collateral estoppel does not apply in the context of whether a

---

[28] *Id.* at 458, quoting *Pinkney v. Keane*, 920 F.2d 1090 (2d Cir. 1990) (citing *People v. Plevy*, 52 N.Y.2d 58, 417 N.E.2d 518, 436 N.Y.S.2d 224 (1980)).

[29] *Williams v. New York, supra* note 27, 367 F. Supp. 2d at 458.

[30] *Caspari v. Bohlen, supra* note 25, 510 U.S. at 396.

defendant's prior conviction may be used for purposes of sentence enhancement.

Thus, although our reasoning differs somewhat from that of the district court, we agree with its conclusion that collateral estoppel did not bar the use of Bruckner's 1999 and 2001 DUI convictions as two of the three prior convictions necessary to enhance his 2012 conviction to fourth offense.

## CONCLUSION

For the reasons discussed, we affirm the judgment of the district court.

AFFIRMED.

Wright, J., participating on briefs.